# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS D. HOKE, JR,**

        **Plaintiff,**

        v.                              Case No. 19-CV-1157

**WISCONSIN DANE COUNTY CHILD SUPPORT AGENCY, et al.**

        **Defendants.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE AND RECOMMENDATION THAT COMPLAINT BE DISMISSED

Currently pending before the court is plaintiff Dennis D. Hoke, Jr's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Hoke's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Hoke's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting Hoke's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic,"

"delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

3

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. Hoke complains of the actions of the Dane County Child Support Agency. The precise nature of his allegations is often unclear, but his claim appears to be focused on the agency's efforts to serve him with notice proceedings. Hoke names as defendants "Wisconsin Dane County Child Support Agency" and four individuals. Two of the individuals are identified as family court commissioners. (ECF No. 1 at 2.) One is identified as a "Child Support WORKER." (ECF No. 1 at 2.) A fourth is not identified.

There are many problems with Hoke's complaint, but for present purposes it is sufficient to address only a few. "[A] litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action under § 1983." *O'Grady v. Marathon Cty. Child Support Agency*, No. 03-C-700-C, 2004 U.S. Dist. LEXIS 1891, at *3 (W.D. Wis. Feb. 3, 2004); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993). Under what has come to be known as the *Rooker-Feldman* doctrine, a federal district court is barred "from entertaining not only claims actually reviewed in state court but also other claims, including constitutional claims, that are 'inextricably intertwined' with the claims heard by the state court." *O'Grady*, 2004 U.S. Dist. LEXIS 1891, at *3 (quoting *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 598 (7th Cir. 1992)).

It is clear that Hoke is asking this court to do precisely what is prohibited under the *Rooker-Feldman* doctrine. For relief, Hoke asks the court to:

> Vacate My Support Order. Demand to Defendents listed that Dennis D Hoke Jr at said date and time give to them my victem impact statement .at Dane co court house Mental anguish , Distress , loss of time with my civil rights taken, Re payment of all monies payed to Child Support agency() damages by each Defendents ,Grand Total of $300.000 - Three Hundred Thousand Dollers - Appears to me that all Defendants are willing to destoy my life for there profits and gains At any cost to me .....

(ECF No. 1 at 5 (ellipses in original) (reprinted as written in original).)

The court lacks jurisdiction over Hoke's claims. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Although narrow exceptions exist for certain extreme cases, *see Loubser v. Thacker*, 440 F.3d 439, 441-42 (7th Cir. 2006), or when the federal claim is distinct from the decision of the state court, *see Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (citing *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998), Hoke's complaint does not contain details sufficient to plausibly come within

such an exception to the general rule that a federal civil rights lawsuit cannot be used to upset the order of a state court.

The court also notes that, as a general rule, family law matters such as challenges to child support orders are outside the jurisdiction of federal courts. *See, e.g.*, *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979). Moreover, judicial officials are entitled to absolute immunity for their judicial actions. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)). Finally, the court notes that it is questionable whether venue is proper in this district. *See* 28 U.S.C. § 1391(b).

Therefore, the court finds that it is appropriate to dismiss Hoke's complaint and this action. Because the defendants have not yet appeared, the court does not yet have consent of all parties. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Therefore, in accordance with 28 U.S.C. § 636(b)(1)B), this court may merely recommend that Hoke's complaint and this action be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that Hoke's complaint and this action be dismissed for lack of jurisdiction.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of September, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge