# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS D. HOKE, JR.,

    Plaintiff,

v.

WISCONSIN DANE COUNTY CHILD SUPPORT AGENCY, GARY RONALD GOMEZ, ANNE M. WERSLAND, JULIE GENOVESE, and ANTON S. JAMIESON,

    Defendants.

Case No. 19-CV-1157-JPS

**ORDER**

Plaintiff filed this action *pro se* on August 12, 2019. (Docket #1). His allegations are extremely difficult to follow, but it appears that he feels aggrieved by some aspects of his involvement with the family courts of Dane County, specifically in relation to an order for the payment of child support. Defendants are a family court judge and her staff, the Dane County child protection agency, and several agency employees. Plaintiff requests that the Court "vacate [his] support order," order Defendants to refund his child support payments, and assess money damages against Defendants for causing him mental anguish. This case was initially assigned to Magistrate Judge William E. Duffin. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket #2). Because Plaintiff had filed that motion, Magistrate Judge Duffin was obligated to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

On September 23, 2019, Magistrate Judge Duffin issued a recommendation to this Court that Plaintiff's complaint be dismissed.

(Docket #6). Though the magistrate judge noticed many problems with Plaintiff's complaint, he primarily relied on the *Rooker-Feldman* doctrine as a basis for dismissal. *Rooker-Feldman* precludes lower federal courts from exercising what would effectively be appellate jurisdiction over final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). As relevant to this case, the doctrine prohibits plaintiffs from filing a civil rights action which seeks reversal of a state court judgment. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). Magistrate Judge Duffin concluded that, based on the relief Plaintiff wants, his claim(s) run afoul of the *Rooker-Feldman* doctrine. The magistrate judge therefore recommended that the Court dismiss this action without prejudice for want of jurisdiction.

Plaintiff filed an objection to Magistrate Judge Duffin's recommendation on October 3, 2019. (Docket #7). The objection, like the original complaint, is difficult to parse. It appears to be a combination of an amended complaint along with miscellaneous legal arguments. Regardless of the objection's form, however, it does not present any cogent reasons as to why Magistrate Judge Duffin was incorrect to apply *Rooker-Feldman* to this case. Indeed, the objection confirms that the central theme of this action is Plaintiff's displeasure with being forced to make payments pursuant to the child support order. Undoing that order is precisely what *Rooker-Feldman* forbids. The Court will, therefore, adopt Magistrate Judge Duffin's recommendation for dismissal of this action, and overrule Plaintiff's objection thereto.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation (Docket #6) be and the same is hereby **ADOPTED**;

**IS FURTHER ORDERED** that Plaintiff's objection to Magistrate Judge William E. Duffin's report and recommendation (Docket #7) be and the same is hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge